## Cruz v. Wanamaker

*Clifford A. Rieders,* for plaintiffs.

*John P. Mellody Jr.,* for defendants John Wanamaker, Narayan Deshmukh, Steven Annest and Guthrie Clinic Inc.

*Joseph R. Rydzewski,* for defendant Robert Packer Hospital.

MOTT, *J.,* April 22, 1993—

## HISTORY

On February 28, 1991, the plaintiffs filed a complaint against the defendants alleging that Catherine Cruz suffered a median nerve injury as a result of a negligently performed cardiac catherization or a negligently performed brachial artery bypass.

At one point during her treatment for pain and numbness in her right arm and back, Catherine Cruz sought a second opinion from John Presper, M.D. Later, the plaintiffs' attorney, in anticipation of this litigation, sought and received an expert opinion from Dr. Presper in connection with the conditions complained of in this suit. Dr. Presper's report did not support the plaintiffs' claims, and, consequently, the plaintiffs do not intend to call Dr. Presper as an expert witness at trial.

The defendants have obtained a copy of the expert report prepared by Dr. Presper. The defendants claim that the plaintiffs voluntarily provided the report in response to a discovery request, while the plaintiffs state

that the defendants obtained the report by subpoenaing Geisinger Medical Group records.

The defendants now intend to call Dr. Presper as an expert witness at trial. The plaintiffs have filed a motion for a "protective order" seeking to prevent the defendants' from utilizing Dr. Presper's expert opinion and report. This motion is now before this court for disposition.

## DISCUSSION

The plaintiffs have labeled their motion as one for a protective order. It is apparent upon a reading of Pa.R.C.P. 4012, however, that a protective order is intended to be a mechanism through which a court may limit or control the *discovery* of information which might subject a party to "unreasonable annoyance, embarrassment, oppression, burden or expense." Although a motion for a protective order in this case may have been appropriate prior to discovery of Dr. Presper's expert report, the defendants have already discovered the report.

The relief sought by the plaintiffs is more consistent with a motion in limine, which is a device "whereby exclusion is sought of anticipated prejudicial evidence, keeping extraneous issues out of the underlying proceeding, precluding reference to prejudicial matters, or preventing encumbering the record with immaterial matters." *Commonwealth v. Pikur Enterprises Inc.,* 142 Pa. Commw. 114, 127, 596 A.2d 1253, 1259 (1991). The plaintiffs' motion requests that this court "prevent the defendants' utilization of the expert report of John Presper, M.D." We interpret the relief sought to be consistent with a motion in limine, and we will treat the plaintiffs' motion as such.

The issue before this court is whether it is proper for the defendants to use Dr. Presper's expert opinion or report

at trial. Several factors complicate this question. First, Dr. Presper was formerly retained by the plaintiffs as an expert witness, but the plaintiffs do not intend to call him to testify as an expert. Second, Dr. Presper was consulted by Catherine Cruz for a second opinion prior to his retention by the plaintiffs as an expert. And finally, Dr. Presper is apparently willing to testify on behalf of the defendants. This combination of these three factors gives rise to an issue that has not yet been addressed by a Pennsylvania appellate court.

In *Columbia Gas Transmission Corp. v. Piper,* 150 Pa. Commw. 404, 615 A.2d 979 (1992), the Commonwealth Court addressed a tangential issue: whether a trial court should *compel* the testimony of an individual who was retained as an expert by an opposing party but who is not expected to testify on behalf of that party. *Id.* The court affirmed the trial court's refusal to compel testimony by the expert. *Id.* at 418, 615 A.2d at 987. The Commonwealth Court also affirmed the exclusion of an expert report in *Westinghouse Electric Corp. v. Board of Assessment,* 138 Pa. Commw. 30, 587 A.2d 820 (1991). In that case, Westinghouse attempted to introduce a report prepared by an expert who had been retained by the board, though the expert did not testify for the board. *Id.*

Instrumental in both the *Columbia Gas* and *Westinghouse* decisions was the rationale supporting Pa.R.C.P. 4003.5(a)(3). That rule provides:

*"A party may not discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or prosecution for trial and who is not expected to be called as a witness at trial ...* except on order of court ... upon a showing of exceptional circumstances under which it is impracticable for the party seeking dis-

covery to obtain facts or opinions on the same subject by any other means, subject to such restrictions as to scope and provisions concerning fees and expenses as the court may deem appropriate." *Id.* (emphasis added)

The *Columbia Gas* court stated that an order directing an expert to testify on behalf of one party about the contents of an expert report rendered for that party's adversary "definitely would violate the spirit and purpose of Rule 40035(a)(3)." *Columbia Gas* at 412, 615 A.2d at 984.

"The purpose of Rule 4003.5(a)(3) is to encourage parties to consult freely with experts by minimizing the likelihood that the information provided to an expert and the opinions that the expert forms may be used against any party who obtained or specially employed this expert." *Goldblum v. Insurance Co. of North America,* 11 D.&C.3d 354, 356 (1979). See *Claster v. Citizens General Hospital,* 14 D.&C.3d 243, 251 (1980).

We believe that the purpose and spirit of Pa.R.C.P. 4003.4(a)(3) would also be violated if the defendants were permitted to call Dr. Presper as an expert witness or introduce his expert report into evidence.

The Rule reflects a choice to encourage the use of expert witnesses. Such experts are indispensable in the context of modern litigation where the technology and specialized knowledge which is often the basis of a lawsuit is well beyond the ken of the average juror. For an attorney to zealously represent a client, he or she must frequently seek expert support for the client's case. The Rule implicitly recognizes that the fear of discovery of an unfavorable opinion rendered by an expert may deter zealous and thorough preparation by counsel. The express language of Pa.R.C.P. 4003.5(a)(3) alleviates that fear. Notwithstanding the limited express protection of the Rule, we believe that when a party has somehow discovered an expert opinion rendered for his adversary that is un-

favorable to his adversary, the spirit and purpose of the Rule should prevent him from using it at trial.

The defendants claim that the plaintiffs waived any arguments based on Pa.R.C.P. 4003.5(a)(3) when they turned Dr. Presper's report over in response to a discovery request. We disagree. First, we cannot be sure on the record now existing just how the defendants obtained Dr. Presper's report. Second, we do not believe it matters how the defendants obtained the report. No matter how the opinion was obtained, the purpose of 4003.5(a)(3) would be contravened if the defendants were allowed to utilize it at trial.

Moreover, it is noteworthy that the defendants ground their waiver argument in the context of *confidentiality.* Pa.R.C.P. 4003.5(a)(3) closely parallels F.R.C.P. 26(b)(4)(B). The notes following the Federal Rule expressly state that it is not based on a status privilege (akin to attorney-client privilege or physician-patient privilege), or on the work-product doctrine. F.R.C.P. 26 advisory committee's notes (1970). Such bases would be consistent with the concept of a waiver of confidentiality. But the Federal Rule is based instead on the doctrine of "unfairness." *Id.*

"[D]iscovery would result in unfairness to the party from which discovery is sought, in that it is unfair for that person to pay the cost of obtaining expert knowledge and opinions and require him to disclose them to his opponent..." *U.S. v. 23.76 Acres of Land,* 32 F.R.D. 593, 596 (D.Md. 1963) (cited in F.R.C.P. 26 advisory committee's notes).

This court does not consider this doctrine of "unfairness" to be consistent with the concept of waiver based on confidentiality as it applies to status-based privileges

and work-product doctrine. Any unfairness that would result from disclosure of an unfavorable expert opinion could only be exacerbated by the opinion's introduction into evidence at trial.

The defendants also contend that the fact that Catherine Cruz consulted with Dr. Presper for a second opinion prior to his retention as an expert for the plaintiffs should exempt his expert opinion from exclusion. The defendants argue that a litigant should not be able to conceal information obtained by a treating physician by hiring that physician as an expert without any intention of using the physician as an expert witness at trial.

This argument does not squarely address the issues raised by the plaintiffs' motion, however. The plaintiffs seek an order prohibiting utilization of Dr. Presper's *expert* report and opinion by the defendants. This request does not encompass information that Dr. Presper may have obtained as a physician consulted for a second opinion. Thus, none of the knowledge that Dr. Presper acquired in his role as one of Catherine Cruz's physicians will be "concealed" or "hidden" as a result of this court excluding Dr. Presper's expert opinion and report from evidence.

## CONCLUSION

The plaintiffs retained Dr. Presper as an expert in anticipation of litigation and will not call him to testify at trial. Although the defendants somehow discovered his expert report prepared for the plaintiffs, the policy underlying Pa.R.C.P. 4003.5(a)(3) prohibits the defendants from using Dr. Presper's expert opinion or report at trial.

Accordingly, the court enters the following

## ORDER

And now, April 22, 1993, in accord with the opinion filed this date, the plaintiff's motion for a protective order, which is in the nature of a motion in limine, is granted. Therefore, all evidence pertaining to Dr. Presper's expert opinion and report rendered on behalf of the plaintiffs in this matter is hereby excluded from evidence at trial.